UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

TERRANCE JOE QUINLAN,

                Petitioner,

v.

JOHN DIAZ,

                Respondent.

Case No. C22-605-LK-MLP

REPORT AND RECOMMENDATION

## I.    INTRODUCTION AND SUMMARY CONCLUSION

Petitioner Terrance Quinlan is currently confined at the King County Regional Justice Center in Kent, Washington. He has filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 seeking relief from his 2015 King County Superior Court judgment and sentence. (Dkt. # 6.) The petition has not been served on Respondent. After careful review of the petition, and the balance of the record, this Court concludes that Petitioner's federal habeas petition should be dismissed as untimely.

## II.    DISCUSSION

The Court received Petitioner's federal habeas petition for filing on May 5, 2022. (*See* dkt. # 1.) After reviewing the petition, this Court determined that the petition was likely time barred under the statute of limitations applicable to federal habeas petitions, 28 U.S.C.

REPORT AND RECOMMENDATION
PAGE - 1

§ 2244(d)(1). Thus, on May 19, 2022, this Court issued an Order directing Petitioner to show cause why this action should not be dismissed. (Dkt. # 7.) The Court noted in its Order that: (1) a one-year statute of limitations applies to federal habeas petitions; (2) the limitations period starts to run from the date on which the judgment of conviction becomes final; (3) Petitioner's judgment of conviction became final on approximately November 2, 2015; and (4) Petitioner did not sign his federal habeas petition until May 1, 2022, over five-and-a-half years after the statute of limitations expired.

On June 3, 2022, Petitioner filed a response to the Order to Show Cause. (Dkt. # 10.) Petitioner argues in his response that the time limit specified in RCW 10.73.090 for filing a collateral attack on a judgment and sentence in a state court criminal case does not apply to his petition because the sentence imposed by the trial court was in excess of the court's jurisdiction. (*See id*. at 3-4.) Petitioner is correct that, under state law, the time limit specified in RCW 10.73.090 does not apply to a petition that is based solely on the ground that the sentence imposed was in excess of the court's jurisdiction. RCW 10.73.100(5). However, the fact that any collateral attack on Petitioner's 2015 judgment may be exempt from the state statute of limitations if he were to file it in state court is irrelevant to the question of whether Petitioner's § 2254 petition was timely filed under the federal statute of limitations, 28 U.S.C. § 2244(d)(1). Petitioner offers no argument in his response to the Order to Show Cause demonstrating that the instant petition qualifies for any exception to the federal statute of limitations.

Moreover, even assuming Petitioner could establish that his petition is timely under the federal statute of limitations, it appears clear from the face of the petition that Petitioner failed to properly exhaust his state court remedies with respect to the claim asserted in his petition. Section 2254 unequivocally requires that a state prisoner exhaust all state court remedies before

REPORT AND RECOMMENDATION
PAGE - 2

seeking a federal writ of habeas corpus. 28 U.S.C. § 2254(b)(1). The exhaustion requirement is a matter of comity, intended to afford the state courts "an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Picard v. Connor*, 404 U.S. 270, 275 (1971) (internal quotation marks and citations omitted). In order to provide the state courts with the requisite "opportunity" to consider his federal claims, a prisoner must "fairly present" his claims to each appropriate state court for review, including a state supreme court with powers of discretionary review. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (citing *Duncan v. Henry*, 513 U.S. 364, 365 (1995), and *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999)).

As Petitioner indicates in his petition that he did not present his single ground for federal habeas relief to the state courts for review (*see* dkt. # 6 at 5), his petition is not eligible for federal habeas review. If, as it appears, Petitioner believes he should have remedies available to him in state court, he must first pursue those remedies before seeking federal habeas review. *See* 28 U.S.C. § 2254(c).

### III.    CONCLUSION

For the foregoing reasons, this Court recommends that Petitioner's federal habeas petition (dkt. # 6), and this action, be dismissed with prejudice as untimely under 28 U.S.C. § 2244(d)(1). This Court recommends, in the alternative, that Petitioner's petition be dismissed without prejudice for failure to exhaust state court remedies.

A petitioner seeking post-conviction relief under § 2254 may appeal a district court's dismissal of his federal habeas petition only after obtaining a certificate of appealability from a district or circuit judge. A certificate of appealability may issue only where a petitioner has made "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(3). A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the

district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Under the above standard, this Court concludes that Petitioner is not entitled to a certificate of appealability in this matter. This Court therefore recommends that a certificate of appealability be denied. A proposed Order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **twenty-one (21) days** of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14) days** after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **July 8, 2022**.

DATED this 15th day of June, 2022.

MICHELLE L. PETERSON
United States Magistrate Judge