UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TERRANCE JOE QUINLAN,<br><br>                    Petitioner,<br>    v.<br><br>JOHN DIAZ,<br><br>                    Respondent. | CASE NO. 22-CV-00605-LK<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION |

      This matter comes before the Court on United States Magistrate Judge Michelle L. Peterson's Report and Recommendation. Dkt. No. 11. Having reviewed this document, the remaining record, and the applicable law, the Court adopts the Report and Recommendation and dismisses Mr. Quinlan's habeas petition with prejudice.

      In May 2022, *pro se* petitioner Terrance Joe Quinlan filed a section 2254 habeas petition challenging his October 2015 state sentence for felony violation of a domestic violence court order. Dkt. No. 6 at 1. He alleges that his sentence for that offense, which exceeds 60 months, surpasses the statutory maximum allowed under Washington law for a Class C felony and therefore amounts

ORDER ADOPTING REPORT AND RECOMMENDATION - 1

to cruel and unusual punishment in violation of the Eighth Amendment. *Id.* at 5. Mr. Quinlan asks the Court to vacate his conviction and order him released from confinement. *Id.* at 15.

Judge Peterson recommended that the Court deny Mr. Quinlan's petition with prejudice as time-barred or, alternatively, to deny it without prejudice for failure to exhaust state-court remedies. Dkt. No. 11 at 3. She also recommended denying a certificate of appealability. *Id.* at 3–4; s*ee* 28 U.S.C. § 2253(c); *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Mr. Quinlan did not file objections.[1]

The Court reviews findings and recommendations "*if objection is made*, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (emphasis original). No objections having been filed, the Court ADOPTS Judge Peterson's Report and Recommendation, Dkt. No. 11, and DISMISSES with prejudice Mr. Quinlan's habeas petition, Dkt. No. 6. The Court further DENIES a certificate of appealability. The Clerk is directed to send uncertified copies of this Order to Mr. Quinlan at his last known address.

Dated this 20th day of July, 2022.

Lauren King
United States District Judge

---

[1] The only documents Mr. Quinlan filed subsequent to the Report and Recommendation were the State's March 2022 sentencing memorandum from a subsequent prosecution against him and a forensic psychological evaluation. Dkt. No. 12. The sentencing memorandum indicates that the State relied on his domestic violence conviction, among other convictions, to calculate Mr. Quinlan's offender score. *Id.* at 5–6. The psychological evaluation states that, following another domestic violence conviction stemming from incidents that occurred on October 1, 2020, Mr. Quinlan may be sentenced up to 300 to 378 months "[b]ecause of an extensive history of prior convictions." *Id.* at 10. The documents do not otherwise appear connected to Mr. Quinlan's October 2015 sentence, and Mr. Quinlan did not include any explanation of the import of these documents with his submission.