UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TERRANCE JOE QUINLAN,<br><br>                Petitioner,<br>    v.<br><br>JOHN DIAZ,<br><br>                Respondent. | CASE NO. 22-CV-00605-LK<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION |

This matter comes before the Court on United States Magistrate Judge Michelle L. Peterson's Report and Recommendation. Dkt. No. 11. Having reviewed this document, Mr. Quinlan's objections, the remaining record, and the applicable law, the Court adopts the Report and Recommendation and dismisses Mr. Quinlan's habeas petition with prejudice.

## I.  INTRODUCTION

In May 2022, *pro se* petitioner Terrance Joe Quinlan filed a Section 2254 habeas petition challenging his October 2015 state sentence for felony violation of a domestic violence court order. Dkt. No. 6 at 1. He alleges that his sentence, which exceeds 60 months, surpasses the statutory maximum allowed under Washington law for a Class C felony and therefore amounts to cruel and

ORDER ADOPTING REPORT AND RECOMMENDATION - 1

unusual punishment in violation of the Eighth Amendment. *Id.* at 5; *see* Wash. Rev. Code § 9A.20.021(1)(c). Mr. Quinlan asks the Court to vacate his conviction and order him released from confinement. Dkt. No. 6 at 15.

Judge Peterson recommended that the Court deny Mr. Quinlan's petition with prejudice as time-barred or, alternatively, to deny it without prejudice for failure to exhaust state-court remedies. Dkt. No. 11 at 3. She also recommended denying a certificate of appealability. *Id.* at 3–4; *see* 28 U.S.C. § 2253(c); *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Mr. Quinlan initially failed to file objections and the Court adopted Judge Peterson's Report and Recommendation. Dkt. No. 13.[1] However, Mr. Quinlan thereafter moved the Court for reconsideration, alleging that he was "on quarantine" and was transferred to a different prison—both of which impeded his ability to file timely objections. Dkt. No. 16. The Court granted the motion and vacated its previous Order to allow Mr. Quinlan an opportunity to file objections. Dkt. No. 17. Those objections, Dkt. No. 18, are now before the Court.

## II.     DISCUSSION

The Court reviews findings and recommendations "*if objection is made*, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (emphasis in original). Mr. Quinlan mounts two objections. Neither addresses the time-barred status of his petition or his failure to exhaust state court remedies.

---

[1] Subsequent to the Report and Recommendation and before the Court entered its July 20, 2022 Order, Mr. Quinlan filed with the Court the State's March 2022 sentencing memorandum from a subsequent prosecution against him and a forensic psychological evaluation. Dkt. No. 12. The sentencing memorandum indicates that the State relied on his domestic violence conviction, among other convictions, to calculate Mr. Quinlan's offender score. *Id.* at 5–6. The psychological evaluation states that, following another domestic violence conviction stemming from incidents that occurred on October 1, 2020, Mr. Quinlan may be sentenced up to 300 to 378 months "[b]ecause of an extensive history of prior convictions." *Id.* at 10. The documents do not otherwise appear connected to Mr. Quinlan's October 2015 sentence, and Mr. Quinlan did not include any explanation of the import of these documents with his submission.

Mr. Quinlan first challenges the tolling of his community custody—an aspect of his allegedly unconstitutional sentence. Dkt. No. 18 at 2; *see also* Dkt. No. 18-1 at 1. In Washington, "community custody" refers to "a portion of an offender's confinement (in lieu of earned release time or imposed by the court) served in the community while the offender is monitored" by the Department of Corrections. *In re Smith*, 161 P.3d 483, 485 n.1 (Wash. Ct. App. 2007); *see* Wash. Rev. Code § 9.94A.030(5). As noted, though, Mr. Quinlan fails to address the time-barred status of his habeas petition or acknowledge his failure to exhaust his constitutional claim in state court. He summarily contends that he has in fact exhausted state court remedies "by appealing the Dep[artment] of Corrections['] sanctions and jurisdiction." Dkt. No. 18 at 2. In support, he points to a letter from the Hearings Unit at the Administrative Operations Division of the Department of Corrections. *Id.*; *see* Dkt. No. 18-1 at 1. This letter indicates that Mr. Quinlan recently appealed from a disciplinary proceeding involving his community custody status. *See* Dkt. No. 18-1 at 1. It does not demonstrate that he exhausted his constitutional challenge to his allegedly excessive sentence. *See Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (to exhaust state remedies, a petitioner "must 'fairly present' his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim" (quoting *Duncan v. Henry,* 513 U.S. 364, 365–66 (1995))). And to the extent this claim is now procedurally defaulted, he fails to show cause and prejudice to excuse that default. *See Shinn v. Ramirez*, 142 S. Ct. 1718, 1727–28 (2022).[2]

The second objection Mr. Quinlan raises dies on the same branch. He argues that his trial counsel was ineffective "for allowing [him] to be sentence[d] to more th[a]n 60 months[,] which

---

[2] Mr. Quinlan separately filed a copy of the confinement order and decision summary from the disciplinary hearing, where he was found guilty of violating the conditions of his community custody and sanctioned to 15 days in the Washington Corrections Center ("WCC"). *See* Dkt. No. 21 at 2–3. These documents fail to show that Mr. Quinlan exhausted his state court remedies for the reasons just discussed.

surpasses the statu[t]ory maximum." Dkt. No. 18 at 2–3. But he again fails to address the statute of limitations governing federal habeas petitions and concedes that he did not raise this claim in state court. Dkt. No. 6 at 2–3, 5. Nor has Mr. Quinlan demonstrated cause and prejudice to excuse any procedural default. *See Ramirez*, 142 S. Ct. at 1727–28.

### III.   CONCLUSION

The Court ADOPTS Judge Peterson's Report and Recommendation, Dkt. No. 11, and DISMISSES with prejudice Mr. Quinlan's habeas petition, Dkt. No. 6. The Court further DENIES a certificate of appealability. The Clerk is directed to send uncertified copies of this Order to Mr. Quinlan at his last known address.

Dated this 13th day of September, 2022.

Lauren King
United States District Judge